UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

    *Plaintiff*,

v.

STUART C. IRBY COMPANY D/B/A
IRBY.COM,

    *Defendant*,

and

OSRAM SYLVANIA INC.,

    *Intervenor*.

CIVIL ACTION NO. 15-13154-WGY

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S, DEFENDANT'S, AND INTERVENOR'S JOINT MOTION TO CONSOLIDATE RELATED CASES FOR PRE-TRIAL PURPOSES

Pursuant to D. Mass. L. R. 40.1(I)-(J) and Fed. R. Civ. P. 42(a), Plaintiff PHOTOGRAPHIC ILLUSTRATORS CORPORATION ("PIC"), Defendant STUART C. IRBY COMPANY D/B/A IRBY.COM ("Irby"), and Intervenor OSRAM SYLVANIA Inc. ("OSI") respectfully bring this motion to (i) consolidate for pre-trial purposes a set of similar cases filed by PIC and (ii) to reassign these cases to Judge Young, who presides over the first-filed action.

In particular, the parties jointly request consolidation and reassignment to Judge Young in the following cases (in order filed):

1. *PIC v. Irby*, No. 1:15-cv-13154-WGY (D. Mass. filed August 13, 2015);

2. *PIC v. Facility Solutions Group, Inc.* ("FSG"), No. 1:15-cv-13156-RWZ (D. Mass. filed August 13, 2015);

3. *PIC v. Trade Service Co., LLC* ("Trade Service"), No. 1:15-cv-13157-ADB (D. Mass. filed August 13, 2015);

4. *PIC v. McNaughton-McKay Electric Co.* ("McNaughton"), No. 1:15-cv-13159-IT (D. Mass. filed August 14, 2015);

5. *PIC v. Brook Electrical Supply Company* ("Brook"), No. 1:15-cv-13162-NMG (D. Mass. filed August 14, 2015);

6. *PIC v. Frost Electric Supply Co. d/b/a FrostElectric.com* ("Frost"), No. 1:15-cv-13163-MBB (D. Mass. filed August 14, 2015); and

7. *PIC v. Capital Lighting & Supply, LLC d/b/a CapitalTristate* ("Capital")*,* No. 1:15-cv-13808-ADB (D. Mass. filed November 11, 2015)[1].

In the words of Local Rule 40.1(I), granting this motion will further the "efficient performance of the business of the Court" by (i) avoiding piecemeal litigation, (ii) eliminating the possibility of conflicting rulings, and (iii) reducing costs for the Court and the parties.

I.  INTRODUCTION

These seven cases involve similar questions of law and fact.  Each of these cases has at its core a dispute as to the scope of defendant Trade Service's right to use, and authorize the other defendants to use, photographs taken by PIC of OSI lighting products.  The defendants and intervenor OSI contend that such conduct was authorized by the plaintiff pursuant to a June 1, 2006 License Agreement (the "2006 License Agreement") between OSI and PIC.  PIC denies that the 2006 License Agreement authorizes the conduct at issue in these cases.

Given the similarities between these cases, consolidation for pre-trial purposes and reassignment to Judge Young, the judge presiding over the first-filed action, is appropriate.  *See* Fed. R. Civ. P. 42(a); D. Mass. L. R. 40.1(I)-(J).  Granting this motion will further the efficient performance of the business of the Court, avoid unnecessary cost and delay, and deliver justice to the parties by avoiding inconsistent rulings.

---

[1] Capital currently has until February 9, 2016 to respond to the complaint.  OSI has not yet moved to intervene, but Plaintiff has consented to intervention.

## II. DISCUSSION

### A. THE CASES INVOLVE COMMON QUESTIONS OF LAW AND FACT

Federal Rule of Civil Procedure Rule 42(a) provides:

> (a) **Consolidation**. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). This Rule grants the Court "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & Miller, 9A Federal Practice & Procedure: Civil (Third), § 2381 (2014).

The parties agree that these cases involve common questions of law and fact. As a result, the Court has broad discretion to order consolidation. *See* Part I, *supra*. PIC filed similar complaints against each defendant, and each defendant is alleged to have obtained the images in question from Trade Service (with the exception of Trade Service, which is alleged to have provided the images). *See* Irby Complaint at ¶ 29; FSG Complaint at ¶ 28; Trade Service Complaint at ¶ 29; McNaughton Complaint at ¶ 28; Brook Complaint at ¶ 28; Frost Complaint at ¶ 27; and Capital Complaint at ¶ 27. Each complaint alleges the same three claims:

1. Copyright Infringement under 17 U.S.C. § 501;

2. Integrity of Copyright Management Information under 17 U.S.C. § 1202; and

3. Unfair And Deceptive Trade Practices under Mass. Gen. L. ch. 93A.

Dkt. 1. In each suit, PIC alleges a violation of the same statutes by the same means, seeking the same relief from the court – damages and an injunction. Each suit involves the same Agreement, and liability will turn on the same question – *i.e.,* the scope of Trade Service's right to use, and to

3

Case 1:15-cv-13154-WGY   Document 45   Filed 01/26/16   Page 4 of 7

authorize the other defendants to use, the photographs at issue here. Accordingly, the motion to consolidate should be granted.

### B. CONSOLIDATION AND REASSIGNMENT ARE JUSTIFIED TO AVOID UNDUE COST AND DELAY TO THE COURT AND THE POSSIBILITY OF INCONSISTENT RULINGS

The extent of the overlap between the seven cases identified above make these cases good candidates for consolidation and reassignment. Because they involve at least one common party and common questions of law and fact, "[t]he trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.,* 878 F.2d 5, 8 (1st Cir. 1989) (internal citations omitted). The Local Rules similarly authorize and encourage judges to consolidate cases, whether or not related:

> **(I) Reassignment and Transfer of Cases.**
>
> In the interest of justice or to further the efficient performance of the business of the court, a judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, with the approval of the Chief Judge, or, with respect to civil cases only, may transfer the case to another judge, if the other judge consents to the transfer.
>
> **(J) Motion for Consolidation of Cases.**
>
> A motion for consolidation of two or more cases shall be made in the case first filed in this court.

D. Mass. L. R. 40.1(I)-(J).

The parties and the Court will benefit from consolidating these cases for pre-trial purposes. For example, on January 11 and January 13, the parties attended six separate Case Management conferences before the individual judges assigned to each of the first six cases identified above (the conference in the *Capital Lighting and Supply* case has not been held yet).

If the cases are reassigned to a single judge and consolidated, the management of the cases will be greatly streamlined and more efficient.

Judge Young is already presiding over the first-filed action. *See TPM Holdings, Inc. v. Intra-Gold Indus., Inc.,* 91 F.3d 1, 4 (1st Cir. 1996) (when overlap between separately-filed suits "is nearly complete, the usual practice is for the court that first had jurisdiction to resolve issues and other court to defer"). Reassigning the cases to Judge Young will prevent "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." *Id.* Indeed, the First Circuit strongly favors consolidation, and a motion for consolidation "will usually be granted unless the party opposing it can show demonstrable prejudice." *Id.* Here, the parties agree that consolidation for pre-trial purposes is appropriate and have agreed to revisit consolidation for trial at a later time.

## III.   CONCLUSION

For the foregoing reasons, the parties hereby respectfully request that the Court grant the Motion, (i) consolidating the seven cases identified above, and (ii) reassign these cases to Judge Young, who presides over the first-filed action.

Respectfully submitted this 26th day of January, 2016.

                                      **KILPATRICK TOWNSEND & STOCKTON LLP**

                                      */s/ David Caplan*
                                      David Caplan (BBO #67220)
                                      21 Eliot Street
                                      Natick, Massachusetts 01760
                                      (508) 651-4900
                                      DCaplan@KilpatrickTownsend.com

                                      Joseph Petersen (admitted *pro hac vice*)
                                      Robert N. Potter (admitted *pro hac vice*)

1114 Avenue of the Americas
New York, NY 10036
(212) 775-8700
JPetersen@KilpatrickTownsend.com
RPotter@KilpatrickTownsend.com

*Attorneys for Defendant and Intervenor*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically this 26th day of January 2016 to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ David Caplan*
David Caplan